47 CCPA

**UNITED STATES SAFETY SERVICE CO.**

v.

**Robert C. GRAHAM.**

**Patent Appeal No. 6539.**

United States Court of Customs and Patent Appeals.

April 6, 1960.

Hovey, Schmidt, Johnson & Hovey, Robert D. Hovey, Kansas City, Mo., Beale & Jones, George R. Jones, Washington, D. C., for appellant.

W. D. Sellers, Pasadena, Cal., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board of the United States Patent Office dismissing an opposition by appellant to appellee's application for registration of

"Safelite" as a trademark for lenses for optical use. The opposition was based on appellant's prior use and registration of the marks "Saf-I-Duo," "Saf-I-Shield," "Saf-I-Spec," "Saf-I-Flex," "Saf-I-Chem," "Saf-I-Weld," "Saf-I-Lens," "Saf-I-Glare," and "Saf-I-Spectacle," primarily for use on industrial safety equipment to protect the head and eyes, such as face shields, goggles, welder's helmets, etc.

Since priority is not disputed and the goods of the parties are quite similar, the issue is whether concurrent use of the marks by the respective parties would result in a likelihood of confusion within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

The board was of the opinion the marks differ substantially in sound, appearance, and significance; that in view of those differences coupled with its belief that the products of the parties would ordinarily be purchased with care, confusion would not be likely.

We agree with the board. "Safelite" differs substantially from each of appellant's "Saf-I-" marks. Even if appellant's marks be considered as a family, as appellant urges, there would be no reason to think that "Safelite" was a member of that family, since, as pointed out by the board, "The family characteristic of opposer's marks is "Saf-I" and applicant's mark does not involve an appropriation thereof."

Appellant stresses in its brief here its "Optilite" mark, which was not mentioned by the board. That mark clearly is not confusingly similar to applicant's "Safelite" mark, and the "lite" portion which is the only feature common to the two marks, is suggestive as applied to optical goods. We do not think the public would be likely to make any such association of the "lite" portion of "Optilite" with the "Saf-I" portion of appellant's other marks as to result in confusion with "Safelite."

The decision is affirmed.

Affirmed.